

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KRISTIAN E. GRUBE, | No. 12-15446 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02257-NVW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security,** | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted February 14, 2014
San Francisco, California

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** Carolyn W. Colvin, Commissioner of Social Security, is substituted
for her predecessor, Michael J. Astrue, pursuant to Fed. R. App. P. 43(c)(2).

\*** The Honorable Marvin J. Garbis, Senior United States District Judge
for the District of Maryland, sitting by designation.

Kristian E. Grube (Grube) seeks judicial review of the district court's affirmance of the final determination of the Commissioner of the Social Security Administration denying Grube's claim for disability benefits.

"Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's [Administrative Law Judge's] findings if they are supported by inferences reasonably drawn from the record. . . . [W]e may not reverse an ALJ's decision on account of an error that is harmless. . . ." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations omitted).

The ALJ's decision was sufficiently articulated. *See Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) (affirming district court's affirmance of the ALJ's denial of benefits where "the ALJ provided legally sufficient reasons" for his decision). Any error in using the exertional category of "sedentary" to perform the residual functioning capacity analysis was harmless because the ALJ subsequently elaborated on the specific limitations experienced by Grube. *See Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013) (discussing the use of residual functioning capacity with the goal of "determining whether the claimant can still do past relevant work or make an adjustment to other work") (citation omitted).

The ALJ sufficiently detailed his reasons for discrediting Grube's testimony when he explained that Grube's reported symptoms of pain and fatigue were not

supported by the medical evidence and the record. *See Stubbs-Danielson v. Astrue*, 559 F.3d 1169, 1175 (9th Cir. 2008). Finally, the ALJ did not err in giving less weight to Dr. Sachdeva's opinion. The ALJ's conclusion that the record as a whole refuted Dr. Sachdeva's opinion was a "specific and legitimate reason[] . . . supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) (citation omitted).

**AFFIRMED.**